NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RICHARD RALPH MALCOLM,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2017-1543

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00545-EDK, Judge Elaine Kaplan.

_____

Decided: June 12, 2017

_____

RICHARD RALPH MALCOLM, Miramar, FL, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DOUGLAS K. MICKLE.

_____

Before PROST, *Chief Judge,* BRYSON and HUGHES, *Circuit Judges.*

PER CURIAM.

Richard Malcolm appeals from a final judgment of the Court of Federal Claims dismissing for lack of jurisdiction his action to correct his Naval discharge status, for back pay, and for disability retirement pay. Because the Court of Federal Claims did not err, we affirm.

I

Mr. Malcolm served in the Navy from February 2002 to December 2002. During his ten-month period of service, he was subject to several non-judicial punishments for improper conduct, which ultimately resulted in his discharge under "other than honorable" conditions.

More than ten years later, in April 2013, Mr. Malcolm was diagnosed with bipolar I disorder. Shortly after his diagnosis, he filed a request before the Naval Discharge Review Board (NDRB) to upgrade the character of his discharge from "other than honorable" to "honorable." According to Mr. Malcolm, he suffered from bipolar disorder in 2002 and thus was not responsible for the actions leading to his discharge for misconduct. In January 2014, the NDRB denied Mr. Malcolm's request.

In March 2014, Mr. Malcolm filed a request with the Board for Correction of Naval Records (BCNR) to upgrade his discharge to "honorable" and expunge his disciplinary records. In this request, he argued that the Navy had denied him treatment for his bipolar disorder. Mr. Malcolm, however, did not seek disability benefits from the BCNR. In July 2015, the BCNR denied Mr. Malcolm's request.

In May 2016, Mr. Malcolm filed suit in the Court of Federal Claims seeking the correction of his naval records to reflect an "honorable" discharge, a concomitant award of back pay, and an award of disability retirement pay. In January 2017, the Court of Federal Claims dismissed the complaint for lack of jurisdiction. The Court of Federal

Claims found that the claim for back pay was time-barred and the claim for disability retirement pay was not ripe. Therefore, in the absence of jurisdiction over a monetary claim, the court found that it lacked jurisdiction over Mr. Malcolm's non-monetary claim to change his discharge status. Mr. Malcolm appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review de novo a decision by the Court of Federal Claims to dismiss for lack of jurisdiction. *Diaz v. United States*, 853 F.3d 1355, 1357 (Fed. Cir. 2017).

The Court of Federal Claims correctly found that Mr. Malcolm's claim for back pay under the Military Pay Act is time-barred. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "This six-year limitations period is jurisdictional and may not be waived or tolled." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380–81 (Fed. Cir. 2012). A claim against the government generally accrues "when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1350 (Fed. Cir. 2011) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988)). "The question whether the pertinent events have occurred is determined under an objective standard; a plaintiff does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue." *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed. Cir. 1995).

Mr. Malcolm alleges that he was separated from the Navy in December 2002. Thus, his cause of action accrued in December 2002. *See Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (holding that in a

military discharge case, "plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge"). Mr. Malcolm did not file his complaint at the Court of Federal Claims until May 2016, more than thirteen years after the cause of action accrued and seven years after the limitations period had run. Mr. Malcolm argues that the accrual of his improper discharge claim should be suspended because he was unaware of a mental problem prior to his discharge. The accrual suspension rule "is strictly and narrowly applied" and requires Mr. Malcolm to "show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or . . . that its injury was 'inherently unknowable' at the accrual date." *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed. Cir. 1985) (quoting *Japanese War Notes Claimants Ass'n v. United States*, 373 F.2d 356, 358–59 (Ct. Cl. 1967). Although Mr. Malcolm now argues that he was unaware of his mental problems, he alleged in his amended complaint that he was actually aware of his mental problems prior to his discharge. Supp. Appx. 347. Therefore, his claim for back pay is time-barred.

The Court of Federal Claims also correctly determined that it lacks jurisdiction to review Mr. Malcolm's claim for disability retirement pay. "[T]he Court of Federal Claims has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such retirement in the first instance." *Chambers v. United States*, 417 F.3d 1218, 1225 (Fed. Cir. 2005). Here, Mr. Malcolm did not present any Navy board with a disability claim prior to the trial court's decision. Although Mr. Malcolm argues that he applied to the BCNR for disability benefits, he did not submit an application to the BCNR seeking "medical disability pay" until six days after the Court of Federal Claims dismissed his case. Supp. Appx. 373. The BCNR has not yet issued a decision in response to that application. Since Mr. Malcolm's claim has not been decided by the BCNR, the Court of

Federal Claims was correct in determining that it lacks jurisdiction because the claim is not ripe.

Finally, the Court of Federal Claims lacks jurisdiction over Mr. Malcolm's claim for equitable relief to change his discharge status. The court cannot grant equitable relief unless such relief is "an incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2); *see James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (holding that "incident of and collateral to" means that non-monetary relief must be "tied and subordinate to a money judgment") (internal quotations omitted). Because Mr. Malcolm has not pled a claim over which the Court of Federal Claims has jurisdiction to grant monetary relief, it has no jurisdiction to grant equitable relief.

We have considered Mr. Malcolm's remaining arguments but find them unpersuasive. Because the Court of Federal Claims properly dismissed the complaint for lack of jurisdiction, we affirm.

## AFFIRMED

No costs.